Priority
Send
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KURTZ and STARR TAXMAN, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. CV 07-3369 RT (FMOx) <br><br> JUDGMENT |

1  This action came on for trial commencing on December 7, 2010 with the
2  Honorable Robert J. Timlin presiding. Plaintiffs Gary Kurtz and Starr Taxman
3  appeared *pro se*. James E. Fitzgerald and Vona S. Enaughe appeared on behalf of
4  Defendant Allstate Insurance Company.
5  On January 7, 2011, according to the court's instructions and the Special
6  Verdict form given to the jury by the court, the jury deliberated and thereafter
7  returned its Special Verdict, consisting of an answer to the first factual question
8  submitted to it as follows:

**QUESTION NO. 1:**

Did Allstate Insurance Company ("Allstate") fail to pay any benefits owed to Kurtz and Taxman under the policy within a reasonable time period?

*Check one*:

__ Yes

✓ No

If your answer to Question No. 1 is "yes," proceed to Question No. 2. If your answer to Question No. 1 is "no," skip the remaining questions, sign this verdict on the last page where indicated and return it.

**QUESTION NO. 2:**

State the amount of policy benefits that Allstate failed to pay, if any:

1. The Structure portion of the Water Loss Claim $_____;
2. The Contents portion of the Water Loss Claim $_____;
3. The Additional Living Expenses portion of the Water Loss Claim $_____;
4. The Structure portion of the Fire Loss Claim $_____;

5. The Additional Living Expenses portion of the Fire Loss Claim $_____$; and

6. The Contents portion of the Fire Loss Claim $_____.

Please proceed to Question No. 3.

**QUESTION NO. 3:**

Did Allstate breach the implied covenant of good faith and fair dealing?

*Check one:*

\_\_\_\_ Yes

\_\_\_\_ No

If your answer to Question No. 3 is "yes," proceed to Question No. 4. If your answer to Question No. 3 is "no," skip the remaining questions, sign this verdict on the last page where indicated and return it.

**QUESTION NO. 4:**

Was Allstate's breach of the implied covenant of good faith and fair dealing a substantial factor in causing additional harm to Kurtz and Taxman beyond the unpaid policy benefits already included in your answer to Question No. 2?

*Check one:*

\_\_\_\_ Yes

\_\_\_\_ No

If your answer to Question No. 4 is "yes," proceed to Question No. 5. If your answer to Question No. 4 is "no," skip the remaining questions, sign this verdict on the last page where indicated and return it.

///

///

///

1  **QUESTION NO. 5:**

2  What are Kurtz and Taxman's additional damages?

3      a. Economic loss                                     $_____

4      b. Noneconomic loss - Gary Kurtz        $_____

5      c. Noneconomic loss - Starr Taxman     $_____

6  Please proceed to Question No. 6.

7

8  **QUESTION NO. 6:**

9  Did an employee of Allstate engage in the conduct with malice, oppression,

10  or fraud?

11  *Check one*:

12  ____ Yes

13  ____ No

14  If your answer to Question No. 6 is "yes," then answer Question No. 7. If

15  you answered "no," skip the remaining question, sign this verdict on the last page

16  where indicated and return it.

17

18  **QUESTION NO. 7:**

19  Did one or more officers, directors, or managing agents of Allstate authorize

20  this conduct?

21  *Check one*:

22  ____ Yes

23  ____ No

24  ///

25  ///

26  ///

27  ///

28

Pursuant to the Special Verdict returned by the jury on January 7, 2011, IT IS ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Defendant as follows:

1. Defendant Allstate Insurance Company is not liable for breach of contract or of the covenant of good faith and fair dealing;

2. Plaintiffs Gary Kurtz and Starr Taxman shall not recover any damages from Defendant Allstate Insurance Company ;

3. Defendant Allstate Insurance Company shall recover from Plaintiffs Gary Kurtz and Starr Taxman its costs of suit in the amount of _____; and

4. The judgment will bear interest at the statutory rate until the judgment is fully paid.

DATED: 1/28/11

Robert J. Timlin
United States District Court Judge